## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TONI LASANE CORKER,** | : | **MOTION TO VACATE** |
| BOP Reg. # 53163-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:13-CR-228-TCB-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:15-CV-698-TCB-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Movant, Toni Lasane Corker, confined in the Federal Prison Camp in Bryan, Texas, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. 35.][1] The Government filed a response in opposition. [Doc. 39.] Movant did not file a reply, even though she obtained an extension of time to do so. [*See* Doc. 41.] For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

### I.   Background

In an indictment returned on June 4, 2013, Movant was charged, in relevant part, with the following offenses: (1) conspiracy to commit mail, wire, and bank fraud, in

---

[1]   Citations to the record in this Final Report and Recommendation refer to case number 1:13-cr-228-TCB-AJB-1.

violation of 18 U.S.C. §§ 1341, 1343, 1344, & 1349 (count one); and (2) aggravated identity theft, in violation of 18 U.S.C. §§ 2 & 1028A (count eleven). [Doc. 1 at 1-6.] On October 22, 2013, Movant pleaded guilty to both of those counts. [Doc. 22.] On January 8, 2014, the District Court sentenced Movant to 139 months imprisonment, followed by five years supervised release. [Doc. 31.] Movant did not appeal.

On January 6 and 14, 2015, Movant sought "a minimum extension of 30 days" to file a § 2255 motion because she "[had] not been able to obtain the legal materials and resources in order to properly prepare her motion . . . ." [Doc. 32 at 1; Doc. 33 at 1.] On February 12, 2015, the District Court extended the time for Movant to file a § 2255 motion until March 2, 2015. [Doc. 34.] Movant mailed her § 2255 motion on March 2, 2015. [Doc. 35 at 5.] Movant claims that (1) the District Court improperly sentenced her, and (2) the Government breached the plea agreement. [*Id.* at 2-4.]

**II.    Discussion**

A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized

AO 72A
(Rev.8/82)

by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting her claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had fourteen days in which to appeal her convictions after the District Court sentenced her on January 8, 2014. *See* Fed. R. App. P. 4(b)(1)(A)(i). Movant did not appeal, and the fourteen-day period expired on January 22, 2014. The one-year statute of limitations expired on January 22, 2015.[2] Movant mailed her § 2255 motion thirty-nine days late, on March 2, 2015. Although the District Court extended the time for Movant to file a § 2255 motion on February 12, 2015, the statute of limitations had already expired twenty-one days beforehand.

Movant submitted her requests for an extension of time before the expiration of the statute of limitations, but the United States Court of Appeals for the Eleventh Circuit has determined that such requests may not be granted. *See Swichkow v. United States*, 565 Fed. Appx. 840, 844 (11th Cir. May 12, 2014) (per curiam) ("[B]ecause [the

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

movant] had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard.  Thus, the district court . . . lacked jurisdiction to consider [the movant's] requests for an extension of time to file a § 2255 motion . . . .").  Even if the District Court had denied Movant's requests shortly after they were made on January 6 and 14, 2015, and before the statute of limitations expired on January 22, 2015, Movant likely would not have submitted a timely § 2255 motion.  Movant requested "a minimum extension of 30 days," and thus she probably would not have filed her § 2255 motion earlier than February 5, 2015.  [Doc. 32 at 1; Doc. 33 at 1.]  Movant's requests themselves could not have been construed as § 2255 motions because they did not contain any grounds for relief.  *See id.* at 842-43 ("Where a [*pro se*] motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255.") (citing *Stewart v. United States*, 646 F.3d 856, 857 n.1 (11th Cir. 2011)).

Movant has not presented anything to (1) suggest the applicability of the

4

circumstances set forth in § 2255(f)(2)-(4), (2) justify equitable tolling,[3] or (3) demonstrate actual innocence.[4]  Therefore, the District Court should dismiss the § 2255 motion as untimely.[5]

---

[3]   "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).  Movant stated that she lacked access to certain "legal materials and resources." [Doc. 32 at 1; Doc. 33 at 1.]  However, the Eleventh Circuit has held that "lack of a legal education and related confusion or ignorance about the law [are not acceptable] excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 Fed. Appx. 995, 997 (11th Cir. May 28, 2013) (per curiam).

[4]   "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).  To demonstrate actual innocence, a movant must "support [her] allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence." *Id.* at 327.

[5]   The opportunity to object to this Final Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *Taylor v. United States*, 518 Fed. Appx. 348, 349 (6th Cir. Mar. 22, 2013) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may *sua sponte* dismiss a motion as barred by the applicable one-year statute of limitations.") (citing *Day*, *id.*); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas

AO 72A
(Rev.8/82)

Even if Movant had timely filed her § 2255 motion, the Government correctly points out that her grounds for relief are procedurally defaulted because she failed to (1) file a direct appeal, or (2) either (a) show cause and actual prejudice, or (b) proof of actual innocence. [Doc. 39 at 3-4, 6-11.][6]  Furthermore, even if Movant had

---

cases also apply to Section 2255 motions.") (citation omitted).

[6]     "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for [her] default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [the movant] or [her] counsel from raising [her] claims on direct appeal and that this factor cannot be fairly attributable to [her] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to [her] *actual* and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted).  "Actual innocence means factual innocence, not mere legal

AO 72A
(Rev.8/82)

overcome her defaults, the Government also correctly points out that her grounds would nevertheless fail for two reasons.  First, Movant may not challenge her sentence because her plea agreement contains a valid appeal waiver.  [*Id.* at 3-6.][7]  Second, the

---

innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

[7]    "It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."  *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).  "[T]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).

Movant's plea agreement contains the following appeal waiver:

> LIMITED WAIVER OF APPEAL:  To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 22-1 at 9.]

Movant signed the agreement, indicating that she had (1) read and understood its terms and conditions, and (2) consented to them.  [*Id.* at 10-11.]  The District Court specifically questioned Movant regarding the appeal waiver during the plea colloquy, and Movant indicated that she understood she was giving up her right to appeal as specified in the plea agreement.  [Doc. 39-1 at 6-8.]  Movant incorrectly suggests that the District Court departed upward or varied from the guideline range.  [Doc. 35 at 2.]

7

Government did not breach the plea agreement because it recommended a sentence within the guideline range, just as it had promised. [*Id.* at 10.][8] Accordingly, Movant should be denied § 2255 relief.

### III. <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*,

---

In fact, the District Court sentenced Movant within her guideline range. [*See* Doc. 39-2 at 11-12, 18.]

[8]     Movant's appeal waiver does not bar her claim that the Government breached the plea agreement. *See United States v. Valencia*, 456 Fed. Appx. 875, 877 (11th Cir. Feb. 7, 2012) (per curiam) (citing *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004)).

8

529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the § 2255 motion, [Doc. 35], be **DISMISSED** as untimely; (2) a COA be **DENIED**; and (3) civil action number 1:15-cv-698-TCB-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the

9

undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  25th  day of August, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE