IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONI LASANE CORKER, | MOTION TO VACATE 28 U.S.C. § 2255 |
| Movant, | |
| | CRIMINAL ACTION |
| v. | NO. 1:13-cr-228-TCB-AJB-1 |
| UNITED STATES OF AMERICA, | CIVIL ACTION FILE NUMBER 1:15-cv-698-TCB |
| Respondent. | |

## **O R D E R**

This case comes before the Court on Magistrate Alan J. Baverman's Final Report and Recommendation (the "R&R") [42], which recommends dismissing Movant Toni Lasane Corker's pro se motion to vacate [35] as untimely, procedurally defaulted, and ultimately without merit. No objections to the R&R have been filed.[1]

The Court has conducted a "careful and complete" review of the R&R for clear error. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th

---

[1] With respect to the timeliness of the petition, the Court notes that the R&R expressly advised Corker that she could raise any arguments about the calculation, possible tolling, and compliance with the one-year limitations period in her objections to the R&R. *See* [42] at 3–4. More than one month has elapsed since the R&R was issued, however, and no objections have been filed.

Cir. 1982) (per curiam); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] Having done so, it finds no error in Judge Baverman's factual findings or legal conclusions. Accordingly, the Court adopts as its Order the R&R [42], dismisses Corker's § 2255 motion [35], and declines to issue a certificate of appealability.

    IT IS SO ORDERED this 4th day of October, 2016.

                            Timothy C. Batten, Sr.
                            United States District Judge

---

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for a district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).